UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY


IN RE:

    ALVAN MOTOR FREIGHT, INC.,                    Case No. 08-21909-dob
                                                                             Chapter 7 Proceeding
                Debtor.                                      Hon. Daniel S. Opperman
_____/


OPINION REGARDING TRUSTEE'S AMENDED MOTION TO APPOINT INDEPENDENT
FIDUCIARY FOR THE ALVAN MOTOR FREIGHT, INC. PENSION PLAN AND FOR
EXTENSION OF THE BAR DATE FOR CLAIMS ASSOCIATED WITH THE ALVAN
MOTOR FREIGHT, INC. PENSION PLAN

      Samuel D. Sweet, the Chapter 7 Trustee in this matter, filed the instant Amended Motion to Appoint Independent Fiduciary/Plan Administrator for the Alvan Motor Freight, Inc. Pension Plan ("Pension Plan"). The Debtor filed a voluntary petition for Chapter 11 relief with this Court on June 28, 2008, and Mr. Sweet was appointed the Chapter 11 Trustee on July 9, 2008. The Court subsequently converted this case to Chapter 7 on August 8, 2008. Mr. Sweet was appointed the Chapter 7 Trustee shortly thereafter.

      Mr. Sweet began investigating the assets of the Debtor and determined that the Pension Plan was created and was funded by the Debtor. As disclosed at the February 27, 2009, hearing in this matter, it appears that he may need to challenge the 2006 contribution of the Debtor to the Pension Plan. Mr. Sweet recognized that this possibility placed him in a conflict of interest in that 11 U.S.C. § 704(a)(1) requires him to collect and reduce to money property of the estate, which includes the possible action against the Pension Plan. 11 U.S.C. § 704(a)(11) also imposes the duty on Mr. Sweet to continue to perform obligations required of the administrator of the Pension Plan.

      Mr. Sweet initially filed a Motion with this Court and subsequently filed an Amended

1

Motion on February 6, 2009. The amendments to the Trustee's Motion were caused in part by concerns raised by the Department of Labor for the United States of America regarding various Employee Retirement Income Security Act of 1974 ("ERISA") issues. Since the initial November 11, 2008, Motion of the Trustee, the Trustee, counsel for the Trustee, the United States Trustee's office, and counsel for the Department of Labor have worked diligently to attempt to resolve these basic issues. Although these parties have significantly narrowed the issues before the Court and have reached an agreement in many areas, three areas of general disagreement exist. On February 27, 2009, the Court heard oral argument as to these concerns and adjourned the hearing to March 13, 2009, to allow the Court to review the pleadings, the proposed orders submitted by the Trustee and the Department of Labor, and to consider the policy issues regarding the Trustee's motion. Although the Court reserved the right to inquire of counsel and the parties at the March 13, 2009, hearing, the Court believes that further oral argument is unnecessary.

## Analysis

A.   The Inherent Conflict of Interest of the Trustee in this Case

The Trustee correctly recognized an inherent conflict of interest in this case when he determined that there was a viable action against the Pension Plan for the payment of the 2006 funds paid by the Debtor to the Pension Plan. 11 U.S.C. § 704(a)(1) and (11), under these circumstances, place Mr. Sweet in a clear conflict of interest position in that subsection (a)(1) requires him to collect and reduce to money property of the estate, and subsection (a)(11) appoints him as the administrator for the Pension Plan, the very entity that he believes he may have a cause of action against. Under the Bankruptcy Code, Mr. Sweet's inquiry should and does end at this point in that he is placed in an irreconcilable conflict of interest. Any action taken by Mr. Sweet either as a Trustee under subsection (a)(1), or as a plan administrator under subsection (a)(11), inherently requires him to act to the detriment of one class of creditors in favor of another.

2

The Department of Labor suggests that ERISA allows an employer to wear many "hats" and specifically acknowledges various conflict of interests that exist in the pension plan area. Congress has indeed allowed these conflict of interests in the limited area of pension plans, and the United States Supreme Court in the case of *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 115 S. Ct. 1223 (1995) approved an employer acting in conflicting roles in regard to pension plans. While employers may indeed enjoy congressional approval of inherent conflict of interests under ERISA law, the same is not true for Mr. Sweet in this case. Section 701(a) of the Bankruptcy Code requires that a Chapter 7 Trustee be "disinterested", which is defined in Section 101(14) as:

> (14) The term "disinterested person" means a person that--
> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

Otherwise, the pension plan beneficiaries, the intended protected class under ERISA, and unsecured creditors, a protected class under the Bankruptcy Code, would forever be left with the nagging doubt of whether Mr. Sweet acted in their best interest.

The Department of Labor also suggests that 11 U.S.C. § 704(a)(11) can be parsed to allow Mr. Sweet to withdraw as to the fiduciary responsibilities of a plan administrator of the Pension Plan, but continue as a sponsor or perform other administrative functions not requiring the exercise of any fiduciary duties. The Court declines to follow this suggestion because 11 U.S.C. § 704(a)(11) on its face does not make such a distinction and, as applied to this circumstance, appears to place Mr. Sweet in a continued untenable position. It is possible that Mr. Sweet, acting as either a sponsor or performing other mere administrable acts could act to the detriment of the Pension Plan or the bankruptcy estate. Again, for the reasons stated in this Opinion, Mr. Sweet should not be placed in this position.

The Court, therefore, concludes that Mr. Sweet should be removed as to all duties regarding the Pension Plan. To the extent necessary, the Motion of the Trustee in regard to this issue is Granted.

B.  Selection of Successor

The second issue raised by the parties is the process of the choosing and appointment of the successor trustee as a plan administrator under 11 U.S.C. § 704(a)(11). The Court concludes that the appointment of a trustee for all duties under 11 U.S.C. § 704 is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and is within the jurisdiction of this Court to oversee. In this case, Mr. Sweet has been appointed as the Chapter 7 Trustee, but is unable to perform all of those duties because of the conflict of interest determined in this Opinion. Accordingly, the Trustee, through the United States Trustee, may identify a replacement trustee and fiduciary for the Pension Plan. The selection of the replacement trustee may be in consultation with the Department of Labor and any representatives of the Pension Plan beneficiaries. Once the individual is identified, the Trustee shall file a motion seeking approval of this individual with a notice of that motion sent to all interested parties along with the opportunity to object and to be heard in regard to the proposed replacement. Per the Court's initial understanding of the Pension Plan as described by the parties, the fees and costs incurred by the replacement trustee who is acting solely as the replacement administrator for the Pension Plan shall be born by the Pension Plan.

C.  Release of Mr. Sweet of Liability

The third remaining issue among the parties involves various findings and determinations in connection with Mr. Sweet's tenure as the Pension Plan administrator. In this regard, the Court declines to approve broad release language regarding Mr. Sweet's tenure as a Trustee performing his 11 U.S.C. § 704(a)(1) duties, but will allow such language in regard to his 11 U.S.C. § 704(a)(11) duties. From the arguments made by the parties, it is clear to this Court that the Department of Labor has satisfied itself to a certain point that Mr. Sweet has acted appropriately in

regard to the Pension Plan. Since it is the providence of this Court to review the actions of any Chapter 7 Trustee, this Court reserves the right to rule on that issue at a later date, if need be. Accordingly, the Court will approve the language proposed by the Department of Labor in its proposed order.

The purpose of this Opinion is to explain the Court's rationale of the Order entered contemporaneous with this Opinion. The Court has taken the two proposed orders by the Trustee and the Department of Labor and has, where appropriate, utilized one version or the other. Obviously, to the extent that both versions agree, the Court adopts that language.

Finally, although the issue was not formerly before the Court on February 27, 2009, one of the Pension Plan beneficiaries, Mr. Coy, raised the very practical question of why a partial distribution could not be made from the Pension Plan to Pension Plan beneficiaries with an escrow of the amount in issue along with a similar escrow of estimated fees and costs that may be attributed to any action taken against the Pension Plan in this case. From the Court's rudimentary understanding of the assets in the Pension Plan, Mr. Coy's point is well taken, and the Court encourages all the parties, including the soon-to-be-named replacement fiduciary, to examine this issue and return monies to those individuals that Congress intended to protect under ERISA, as well as the Bankruptcy Code. In doing so, however, the Court notes that the comments of Ms. Stacey, a retiree of the Debtor, exhibit how complicated this issue may be. As stated by Ms. Stacey, she retired approximately nine years ago and her retirement benefit is not connected to the alleged transfer that causes Mr. Sweet to remove himself from this case. Accordingly, Ms. Stacey believes she should not be adversely affected by any claim made against the Pension Plan. At this point, the Court can only encourage the parties to take every diligent effort to analyze the Pension Plan and disburse monies on an expedited basis.

As this Opinion and the contemporaneous Order address the issues raised at the February 27, 2009, hearing, the Court cancels the hearing set for March 13, 2009.

**Signed on March 12, 2009**

                                                               **/s/ Daniel S. Opperman**
                                                                 **Daniel S. Opperman**
                                                                 **United States Bankruptcy Judge**